# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

STANDARD HOLDINGS, LLC

        Plaintiff,

v.

STEPHANIE ARISTOTE, *and all other occupants*,

        Defendant.

1:18-cv-2589-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Catherine Salinas's Report and Recommendation [2] ("Final R&R"), which recommends remanding this action to the Magistrate Court of Fulton County, Georgia.

## I. BACKGROUND

On May 1, 2018, Standard Holdings, LLC ("Plaintiff") initiated a dispossessory proceeding against Defendant Stephanie Aristote ("Defendant"), in the Magistrate Court of Fulton County, Georgia (the "Fulton County Action").[1] On May 29, 2018, Defendant, proceeding *pro se*, filed her Notice of Removal seeking to remove the Fulton County Action. Although it is unclear from the

---

[1] The property at issue is located at 1676 Maldo Drive, Atlanta, Georgia 30318. ([1.2] at 1). The Magistrate Court of Fulton County assigned the matter Case No. 18ED075112. (Id.).

Notice of Removal, the civil cover sheet states that the cause of action is "Wrongful Dispossessory" and notes federal question as the basis for jurisdiction. ([1.2] at 1).

On June 1, 2018, the Magistrate Judge issued her Final R&R, recommending that this action be remanded to the Magistrate Court of Fulton County for lack of subject matter jurisdiction. On June 22, 2018, Defendant filed her Objections [6].[2]

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093,

---

[2] Defendant's Objections are untimely, and the Court declines to consider them. Even if the Court considered Defendant's Objections, Defendant still fails to show why this Court possesses jurisdiction over her state law dispossessory claim.

1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Where, as here, the parties have not objected, the Court reviews the Final R&R for plain error.

B.   Analysis

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  "Federal courts exercise limited jurisdiction and generally can hear only actions that either meet the requirements for diversity jurisdiction or that involve a federal question." Kivisto v. Kulmala, 497 F. App'x 905, 906 (11th Cir. 2012).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a).  "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir.

1998). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

The Magistrate Judge first concluded the Notice of Removal fails to show federal question jurisdiction exists. ([2] at 3). The Magistrate Judge noted that the action instituted by Plaintiff in the Magistrate Court of Fulton County "appears to be a dispossessory action seeking the eviction of tenant Aristote for past due rent." (Id.). The Magistrate Judge stated that, "[u]nder the well-pleaded complaint rule, there is no indication that the state court dispossessory proceedings contain a federal question" and Defendant cannot invoke federal question jurisdiction on the basis of a defense or counterclaim based on federal law. (Id.). The Magistrate Judge similarly found diversity jurisdiction lacking. The Magistrate Judge stated that there is no monetary amount in controversy for dispossessory actions where the plaintiff is seeking only equitable relief, and, even assuming the amount in controversy involves the past due rent in a dispossessory action, Defendant has failed to show the amount in controversy exceeds $75,000 and that the action is between citizens of different states. (Id.).

Defendant therefore has not shown that the Court has subject matter jurisdiction over this state dispossessory proceeding, and this action is required to

4

be remanded to the Magistrate Court of Fulton County, Georgia. The Court finds no plain error in the Magistrate Judge's findings and recommendations.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine Salinas's Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 25th day of June, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE